UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT HAROLD EMMONS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:07-CV-405 |
| | ) (VARLAN/GUYTON) |
| STATE OF TENNESSEE, E. EUGENE | ) |
| EBLEN, JUSTIN LOWE, FRANK | ) |
| HARVEY, DAN R. PILKINGTON, | ) |
| JANE DOE, AND JOHN DOE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This civil action is before the Court pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the Orders [Docs. 28, 37] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of the plaintiff's *pro se* Motions for Sanctions. [Docs. 16, 18, 20, 29, 31, 33] The plaintiff moves the Court to sanction attorneys Martha Campbell, Mary Bers, and Nathan Rowell (the "Attorneys") for filing dispositive motions in this matter. Plaintiff contends that his complaint precluded the filing of any dispositive motions, and that the Attorneys have therefore committed an ethical violation by filing their motions to dismiss.

> Rule One of the Federal Rules of Civil Procedure states that:
>
> These rules govern the procedure in the United States District Courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.

Fed. R. Civ. P. 1. There is no exception in Rule 81 which would preclude this case from falling under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 81. One of the ways in which the

Rules allow for the just, speedy, and inexpensive determination of an action is by allowing opposing parties to file a motion to dismiss pursuant to Rule 12 of the Federal Rules of Civil Procedure. Under Rule 12, a party may, when appropriate, move to dismiss a complaint based on the pleadings alone, thus sparing the parties the expense and time of a trial. Thus, the Rules contemplate, and specifically allow, motions such as those filed by the Attorneys.

Plaintiff has chosen to file his action in federal court, thus he must abide by the Federal Rules of Civil Procedure, including Rule 12. To allow the plaintiff to take advantage of the sanctions allowed under Rule 11 of the Federal Rules of Civil Procedure, as well as the other Rules which govern the administration of this lawsuit, while forbidding the defendants from taking advantage of Rule 12, would pervert the spirit and the letter of the Rules and would hamper the just, speedy, and inexpensive administration of justice. Having reviewed the motions filed by the Attorneys, and their responses to the plaintiff's motions for sanctions, the Court sees no basis for sanctions. Accordingly, the plaintiff's motions [Docs. 16, 18, 20, 29, 31, 33] are **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

        s/ H. Bruce Guyton
United States Magistrate Judge