UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ROBERT HAROLD EMMONS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:07-CV-405 |
| ) | (VARLAN/GUYTON) |
| STATE OF TENNESSEE, E. EUGENE ) | |
| ELBEN, JUSTIN LOWE, FRANK ) | |
| HARVEY, DAN R. PILKINGTON, ) | |
| JANE DOE, and JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on defendants Justin Lowe and Dan R. Pilkington's motion to dismiss [Doc. 2], defendants State of Tennessee and Judge E. Eugene Eblen's motion to dismiss [Doc. 10], and defendant Frank Harvey's motion to dismiss [Doc. 12]. Plaintiff has not responded to any of these motions and the time for doing so has passed. The Court has carefully considered the pending motions and the related pleadings in light of the applicable law and for the reasons set forth below, defendants' motions will be granted.

**I.      Standard of Review**

Defendants Justin Lowe, Dan R. Pilkington, the State of Tennessee, Judge E. Eugene Eblen, and defendant Frank Harvey have moved to dismiss plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all

material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). "Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *Bishop*, 520 F.3d at 519 (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

The issue is not whether the plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his or her claim. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

**II.   Analysis**

Upon review of the complaint, it is clear that plaintiff has not stated a claim upon which relief can be granted. It is with some difficulty that the Court was able to decipher the following conclusory allegations from the complaint:

Plaintiff summarily states that defendants engaged in acts or omissions including "assault and battery with weapons, armed robbery, kidnapping [sic], forcible distraint, forcible detainer, forcible trespass, forcible trespass on rights to privacy, fraud, libel, slander, trespass on rights to privacy, infliction of mental anguish and stress, false arrest, false imprisonment, an ongoing series of constitutional violations, deprivations, [and] persistent violations of constitutional restraints on government." [Doc. 1 ¶ 3.] He further accuses

2

defendants[1] of imprisoning him with no evidence that a crime had been committed, filing an order for arrest in violation of plaintiff's rights, filing "the order and informations . . . in a venue other than that in which we are located.," using a fictitious name for plaintiff, using the fictitious name to mislead plaintiff into entering the bar association, causing violations of the U.S. Constitution and Tennessee Constitution, extortion of rights, misdemeanor conspiracy, perjury as to their oaths and affirmations, using collusion, confederacy, and combination to induce plaintiff to enter the bar association which placed plaintiff in danger of practicing law without a license. [Doc. 1 at ¶ 59-81.]

Plaintiff also accuses defendants of perjury of oath of office on the basis of perjury, malice, constitutional tort, tort under California law, larceny by fraud and deception, fiduciary, extortion, duress, legal malpractice, malpractice, prejudice, and discrimination. [Doc. 1 at ¶ 82-98.] Plaintiff further accuses Judge Elben of decorating his courtroom with "an Executive Office War Flag (Title 4 U.S.C. § 2) indicating Martial Rule, Maritime/Admiralty administrative tribunal, a court of the contract, under which jurisdiction Aggrieved Parties' rights or the protections of the Constitution for the united States of America are not recognized," and entering a plea and declaring plaintiff a ward of the court in his criminal case in the Roane County Criminal Court without plaintiff's consent, thereby violating plaintiff's right not to contract. [Doc. 1 at ¶¶ 70; 75.]

---

[1] He does not accuse all defendants of each allegation.

Plaintiff does not allege law and facts which support any of these allegations. Plaintiff alleges that he was arrested and required to appear in the Roane County Criminal Court. [See Doc. 1 at ¶¶ 28-32.] Though plaintiff generally objects to the procedures followed by defendants related to his arrest and appearance in court, his factual assertions do not support all material elements of any claim, as is required to survive a motion to dismiss. Accordingly, plaintiff's claims cannot withstand defendants' motions to dismiss.

### III. Conclusion

For the reasons set forth herein, the Court finds that plaintiff has failed to allege a claim upon which relief can be granted. Accordingly, defendants Justin Lowe and Dan R. Pilkington's motion to dismiss [Doc. 2], defendants State of Tennessee and Judge E. Eugene Eblen's motion to dismiss [Doc. 10], and defendant Frank Harvey's motion to dismiss [Doc. 12] are hereby **GRANTED** and this case is **DISMISSED** against all defendants.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE